IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

SHAWNDALE D. SAUNDERS,

        Petitioner,

v.                                                                   Civil Action No. 3:13cv5
                                                                    (Judge Groh)

RUSSELL A. PURDUE,

        Respondent.

## REPORT AND RECOMMENDATION

### I. BACKGROUND

On January 16, 2013, the *pro se* petitioner, Shawndale D. Saunders, an inmate at FCI Gilmer, filed a Habeas Corpus petition pursuant to 28 U.S.C. § 2241 seeking additional credit against his sentence. On February 7, 2013, the petitioner paid the requisite five dollar filing fee. On February 8, 2013, the undersigned made a preliminary review of the petition and determined that summary dismissal was not warranted. Accordingly, an Order to Show Cause was issued against the respondent. On February 19, 2013, the respondent filed a Motion to Dismiss or, in the Alternative, for Summary Judgment and Response to Order to Show Cause. On February 20, 2013, the court issued a *Roseboro* notice; and on March 26, 2013, the petitioner filed his reply.

### II. FACTS

On February 2, 2008, the petitioner was released by the West Virginia Department of Corrections on parole, with a maximum parole date of November 14, 2010. (Doc. 19-1, p.1). On March 28, 2008, while on parole, the petitioner was arrested by the Drug Enforcement Agency for his instant federal offense. He was released on bond that same day. (Id. at 2). While on bond, the

1

petitioner was arrested by State of West Virginia officials. On March 28, 2008, the petitioner made his initial appearance before the state court and was released on a personal recognizance bond under pretrial supervision. (Id.). On April 16, 2008, a Petition for Action on Condition of Pretrial release was filed with the state court as a result of an April 11, 2008, positive drug test for cocaine. On April 17, 2008, a warrant for his arrest was issued by the state. The petitioner was thereafter arrested and detained by the state. (Id.).

On April 18, 2008, federal authorities borrowed the petitioner from state authorities via a Writ of Habeas Corpus Ad Prosequendum. (Docs. 19-1, p.2 & 19-3). On August 19, 2008, the state revoked the petitioner's parole. (Doc. 19-1, p.2). On January 30, 2009, the petitioner was sentenced in the United States District Court for the Northern District of West Virginia to a 100-month term of incarceration for aiding and abetting the possession with intent to distribute marijuana. The federal sentence was ordered to run concurrently with the undischarged portion of the state's violation of parole term of imprisonment. (Doc. 19-2).

On November 17, 2010, the petitioner was released by the state to federal authorities for service of his federal sentence. (Docs. 19-1, p.2; 19-3, p. 2; 19-4). Thereafter, in order to affect the concurrent sentences as ordered by the sentencing court, the Federal Bureau of Prisons ("BOP") first calculated the petitioner's 100-month federal sentence as commencing on January 30, 2009. Next, the BOP awarded the petitioner one day of prior custody credit for March 28, 2008, the date he was arrested by authorities with the DEA and released on bond. Based upon this calculation, the BOP projects that the petitioner will be released from custody, via good conduct time release, on May 1, 2016. (Doc. 19-5, p.2).

### III. CONTENTIONS OF THE PARTIES

**A.     The Petition**

The petitioner asserts that the BOP has unlawfully denied him credit for time in state or federal court and has unlawfully computed and/or calculated his sentence in accordance with federal mandates. More specifically, the petitioner asserts that his "term of imprisonment for the time he spent in official detention, prior to the date of his sentence, commenced on April 18, 2008." (Doc. 1-1, p. 3). For relief, the petitioner seeks and order instructing the BOP to adjust his sentence credit to begin on April 18, 2008, the date of his arrest.

**B.     The Response**

The Government argues that the petition should be dismissed because it lacks support both in law and fact. More specifically, the respondent maintains that the BOP correctly began computation of the petitioner's sentence on the date it was imposed and properly awarded him credit for only that time served that was not already credited toward his state sentence.

**C.     The Petitioner's Reply**

The petitioner maintains that the preponderance of the evidence establishes that he was arrested and detained on April 18, 2008, solely based on the Federal government's indictment. Therefore, the petitioner requests that this Court issue a nunc pro tunc order adjusting the petitioner's sentence with an incarceration beginning April 18, 2008, in light of the BOP's refusal to apply jail credit that was taken into account to determine his guidelines range.

### IV. STANDARD OF REVIEW

**A.  <u>Motion to Dismiss</u>**

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses."

*Republican Party of N.C. v. Martin,* 980 F.2d 943, 952 (4th Cir.1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs, Inc. v. Matkari,* 7 F.3d 1130, 1134 (4th Cir.1993); *see also Martin,* 980 F.2d at 952.

The Federal Rules of Civil Procedure "require only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)). Courts long have cited the "rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him to relief." *Conley,* 355 U.S. at 45-46. In *Twombly*, the United States Supreme Court noted that a complaint need not assert "detailed factual allegations," but must contain more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Conley,* 550 U.S. at 555 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," *id.* (citations omitted), to one that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* Therefore, in order for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I.DuPont de Nemours & Co.,* 324 F.3d 761, 765 (4th Cir.2003) (citing *Dickson v. Microsoft Corp.,* 309 F.3d 193, 213 (4th Cir.2002); *Iodice v. United States,* 289 F.3d 279, 281 (4th Cir.2002)). In so doing, the complaint must meet a "plausibility" standard, instituted by the Supreme Court in *Ashcroft v. Iqbal,* where it held that a "claim has facial plausibility when the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009). Thus, a well-pleaded complaint must offer more than "a sheer possibility that a defendant has acted unlawfully" in order to meet the plausibility standard and survive dismissal for failure to state a claim. *Id.*

B. **Summary Judgment**

The Supreme Court has recognized the appropriateness of Rule 56 summary judgment motions in habeas cases. *See Blackledge v. Allison,* 431 U.S. 63, 80 91977). So too, has the Fourth Circuit Court of Appeals. *Maynard v. Dixon,* 943 F.2d 407 (4th Cir. 1991). Pursuant to Rule 56c of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

Motions for summary judgment impose a difficult standard on the moving party; for it must be obvious that no rational trier of fact could find for the nonmoving party. *Miller v. Federal Deposit Ins. Corp.,* 906 F.2d 972, 974 (4th Cir. 1990). However, the "mere existence of a scintilla of evidence" favoring the nonmoving party will not prevent the entry of summary judgment. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242-252 (1986). To withstand such a motion, the nonmoving party must offer evidence from which a "fair-minded jury could return a verdict for the [party]." *Id.* "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Felty v. Graves-Humphreys Co.,* 818 F.2d 1126, 1128 (4th Cir. 1987). Such evidence must consist of facts which are material, meaning that they create fair doubt rather than encourage mere speculation. *Anderson,* 477 U.S. at 248. It is well recognized that any

5

permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587-88 1986).

### V. ANALYSIS

A federal sentence commences "on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). However, in some cases, a federal sentence may begin prior to the Attorney General gaining physical custody of the defendant. The BOP is statutorily granted the authority to "designate the place of [a] prisoner's imprisonment." 18 U.S.C. § 3621(b). Based on this, in the event that a federal court orders its sentence to run concurrently with a previously imposed state sentence, the Bureau of Prisons may designate a state facility as the place for the prisoner to serve his or her federal sentence. *See United States v. Evans,* 159 F.3d 908, 911-12 (4th Cir. 1998) (a federal sentence may commence on a defendant who is already in state custody "if and when the Attorney General or the Bureau of Prisons agrees to designate the state facility for service of the federal sentence.")[1]

However, the fact that a state prisoner is in federal court on a federal writ of habeas corpus *ad prosequendum* does not mean that the prisoner's federal sentence has commenced. "Rather, the state retains primary jurisdiction over the prisoner, and federal custody commences only when the state authorities relinquish the prisoner on satisfaction of the state obligation." *Id.* at 912. *See also Thomas v. Whalen,* 962 F.2d 358, 361 n.3 (4th Cir. 1992) ("A prisoner is not even in custody for the

---

[1]Here, the BOP clearly agreed to designate the state facility for service of the petitioner's federal sentence given that they began to calculate his sentence on the date it was imposed and not on the date he eventually arrived at FCI Gilmer.

purposes of section 3568 when he appears in federal court pursuant to a writ *ad prosequendum*; he is merely 'on loan' to federal authorities.")

The Bureau of Prisons, on behalf of the Attorney General, is responsible for calculating federal terms of imprisonment. *See United States v. Wilson,* 503 U.S. 329 (1992). The BOP must follow 18 U.S.C. § 3585(b) when calculating sentences:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences (1) as a result of the offense for which the sentence was imposed or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; *that has not been credited against another sentence*.

(emphasis added).

In *Wilson*, the Supreme Court held that under 18 U.S.C. § 3585(b), "Congress made clear that a defendant could not receive double credit for his detention time." *Wilson,* 503 U.S. 329 at 337. Thus, prior custody credit cannot be awarded to a prisoner if the prisoner has already received credit towards another sentence. *See United States v. Brown,* 977 F.2d 574 (4th Cir.1992) (Defendant may receive credit against his federal sentence for time spent in official detention prior to the date his sentence commences unless it has been credited against another sentence); *United States v. Goulden,* 54 F.3d 774 (4th Cir. 1995) (credit is only available for time spent in custody which has not been credited against another sentence).

In the instant case, the petitioner requests prior jail credits for time he spent in custody while on federal writ *ad prosequendum*. More precisely, the petitioner is seeking prior custody credit for the time between April 18, 2008, and January 30, 2009, when he was sentenced in federal court. However, that time was applied to his state sentence, and therefore, cannot be applied to his federal sentence because to do would give him double credit. Moreover, the petitioner has already been

7

advised that his sentence was properly calculated. On August 2, 2011, the petitioner sent a letter to Judge Stamp requesting that he modify his judgment and commitment order in his criminal action. Specifically, the petitioner again argued that the BOP did not calculate the first nine and half months of his sentence, beginning in April 2008. Judge Stamp construed the letter as a motion for clarification of his sentence and a request for a modified judgment and commitment order. In denying this motion, Judge Stamp noted that during the sentencing hearing and in the judgment order, the Court clearly explained that the imposed sentence of 100 months was to run concurrently to the **undischarged** portion of the term of imprisonment imposed as a result of the state revocation of parole. Judge Stamp further noted that although the petitioner had been in state custody since April 2008, his federal sentence did not begin to run until the time of sentencing. Finally, Judge Stamp determined that the petitioner's time in state custody from April 2008 until January 2009 could not be considered an undischarged portion of his sentence since he had already served this time when he was sentenced on the federal charges on January 30, 2009.(Doc. 19-6).

## VI. RECOMMENDATION

Based on the foregoing, the undersigned recommends that the respondent's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (Doc. 18) be **GRANTED**, and the petitioner's §2241 petition be **DENIED and DISMISSED WITH PREJUDICE**.

Within fourteen (14) days after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Gina M. Groh, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the

right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1);*Thomas v. Arn,* 474 U.S. 140 (1985); *Wright v. Collins,* 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce,* 727 F.2d 91 (4th Cir. 1984), *cert. denied,* 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to her last known address as shown on the docket sheet. The Clerk of the Court is further directed to provide a copy of this Report and Recommendation to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Filing in the United States District Court.

DATED: April 30,l 2013

*John S. Kaull*

JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE